IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PRESQRIBER, LLC, <br><br> *Plaintiff,* <br><br> vs. <br><br> PRACTICE FUSION, INC., <br><br> *Defendant.* | § § § § § § § § § § § § § § CIVIL ACTION NO. 6:14-CV-460 |

**DEFENDANT PRACTICE FUSION, INC.'S**
**MOTION TO DISMISS AND BRIEF IN SUPPORT**

**DEFENDANT'S MOTION TO DISMISS**

# TABLE OF CONTENTS

**Page**

TABLE OF CONTENTS ..... i

TABLE OF AUTHORITIES ..... ii

MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT ..... iv

BRIEF IN SUPPORT OF MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT ..... 1

I. STATEMENT OF THE ISSUES ..... 3

II. STATEMENT OF FACTS ..... 3

- A. The Parties ..... 3
  - 1. Presqriber ..... 3
  - 2. Practice Fusion ..... 3
- B. The ’095 Patent ..... 3

III. ARGUMENT ..... 6

- A. The ’095 Patent Claims The Unpatentable Abstract Idea of Prescribing Medication Based on Health and Medication Information. ..... 7
  - 1. Abstract Ideas Have Long Been, and Continue to Be, Ineligible Subject Matter ..... 7
  - 2. The ’095 Patent Is Drawn to an Abstract Idea ..... 9
  - 3. The ’095 Claim Elements Have No “Inventive Concept” Sufficient to “Transform” the Abstract Idea into a Patent-Eligible Application ..... 11

IV. CONCLUSION ..... 13

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Accenture Global Servs. v. Guideware Software, Inc.*,
   728 F.3d 1336 (Fed. Cir. 2013) .................................................................................... 13

*Alice Corporation Pty., Ltd. v CLS Bank International, et al.*,
   573 U.S. __ (2014) ............................................................................................... *passim*

*Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*,
   133 S. Ct. 2107 (2013) ...................................................................................................... 7

*Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada (U.S.)*,
   687 F.3d 1266 (Fed. Cir. 2012) ........................................................................................ 7

*Bilski v. Kappos*,
   130 S. Ct. 3218 (2010) ........................................................................................ *passim*

*CyberSource Corp. v. Retail Decisions, Inc.*,
   654 F.3d 1366 (Fed. Cir. 2011) ...................................................................................... 12

*DealerTrack, Inc. v. Huber*,
   674 F.3d 1315 (Fed. Cir. 2012) .............................................................................. 2, 6, 11

*DietGoal Innovations LLC v. Bravo Media LLC*,
   13 Civ. 8391 (PAE), 2014 U.S. Dist. LEXIS 92484 (S.D.N.Y. July 8, 2014) .................. 2, 10

*DigiTech Image Techs., LLC v. Elecs. for Imaging, Inc.*,
   2013-1600, 2014 U.S. App. LEXIS 13149 (Fed. Cir. July 11, 2014) ................................ 2, 6

*Funk Brothers Seed Co. v. Kalo Inoculant Co.*,
   333 U.S. 127 (1948) ........................................................................................................ 1

*Glory Licensing LLC v. Toys "R" Us, Inc.*,
   No. 09-4252, U.S. Dist. LEXIS 51888 (D.N.J. May 16, 2011) .............................................. 7

*Gottschalk v. Benson*,
   409 U.S. 63 (1972) ........................................................................................................ 12

*In re Bilski*,
   545 F.3d 943 (Fed. Cir. 2008) .......................................................................................... 7

*Le Roy v. Tatham*,
   55 U.S. 156 (1852) .......................................................................................................... 8

## TABLE OF AUTHORITIES
### (Continued)

Page(s)

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*,
    132 S. Ct. 1289 (2012) ............................................................................................ passim

*Noah Sys., Inc. v. Intuit Inc.*,
    675 F.3d 1302 (Fed. Cir. 2012) ......................................................................................... 4

*O'Reilly v. Morse*,
    56 U.S. 62 (1853) ............................................................................................................... 7

*OIP Techs. v. Amazon.com, Inc.*,
    No. C–12–1233, 2012 U.S. Dist. LEXIS 129396 (N.D. Cal. Sept. 11, 2012) .......................... 7

*Rubber-Tip Pencil Co. v. Howard*,
    87 U.S. 498 (1874) ............................................................................................................. 8

*SmartGene, Inc. v. Advanced Biological Labs.*,
    555 Fed. App'x. 950 (Fed. Cir. 2014) .............................................................................. 1,9

*UbiComm, LLC v. Zappos IP, Inc.*,
    No. 13-1029-RGA, 2013 U.S. Dist. LEXIS 161559 (D. Del. Nov. 13, 2013) ..................... 6

*Uniloc USA, Inc. v. Rackspace Hosting, Inc.*,
    No. 6:12-cv-375, 2013 WL 7393173 (E.D. Tex. Mar. 27, 2013) ....................................... 7

*Vacation Exch., LLC v. Wyndham Exch. & Rentals, Inc.*,
    No. 2:12-cv-04229, Dkt. No. 27, slip. op. (C.D. Cal. Sept. 18, 2012) ................................ 7

**STATUTES**

35 U.S.C. § 101 ........................................................................................................ passim

35 U.S.C. § 112 ................................................................................................................ 4

**RULES**

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 6, 13

## MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT

Defendant Practice Fusion, Inc. ("Practice Fusion" or "Defendant") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because the patent upon which Plaintiff bases its claim is invalid as ineligible subject matter. For these reasons and those set forth in full below, Practice Fusion respectfully requests that the Court to dismiss all claims set forth in Plaintiff's Original Complaint for Patent Infringement. (Dkt. No. 1.)

**BRIEF IN SUPPORT OF**
**MOTION TO DISMISS COMPLAINT FOR PATENT INFRINGEMENT**

Practice Fusion seeks dismissal of this case pursuant to FED. R. CIV. P. 12(b)(6) because the asserted patent claims an abstract idea which as a matter of law is ineligible to be patentable subject matter under 35 U.S.C. § 101.

Presqriber's Complaint alleges infringement of one patent – U.S. Patent No. 5,758,095 ("the '095 patent" – Dkt. No. 1 at Ex. A), the claims of which are drawn to abstract mental processes not tied to any inventive machine or system. Abstract business concepts may not be removed from the public domain and owned as private property under our patent laws. *Bilski v. Kappos,* 130 S. Ct. 3218 (2010); *Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 132 S. Ct. 1289, 1301 (2012). Such fundamental truths are "part of the storehouse of knowledge of all men . . . free to all men and reserved exclusively to none." *Bilski*, 130 S. Ct. at 3225 (quoting *Funk Brothers Seed Co. v. Kalo Inoculant Co.*, 333 U.S. 127, 130 (1948)); *see Mayo*, 132 S. Ct. at 1301. Most recently, in *Alice Corporation Pty., Ltd. v CLS Bank International, et al.,* 134 S. Ct. 2347 (2014), the Supreme Court reiterated the prohibition against patenting such abstract business concepts. Nor can such a claimed abstract idea be rescued from unpatentability simply where, as here, it uses a "generic computer" for implementation or is limited to "a particular technological environment." *Id.* at 2358.

At its heart, the '095 patent does nothing more than claim the abstract idea of, by its own words, "prescribing medication for a patient." (Dkt. No. 1, Ex. A, 2:65.) At most, the patent takes a process physicians have followed for generations and purports to implement it in a generic computer environment. Such a claimed invention is simply ineligible for patent protection. *Alice*, 134 S. Ct. at 2358; *Mayo*, 132 S. Ct. at 1300-01; *SmartGene, Inc. v. Advanced Biological Labs.*, 555 Fed. App'x. 950, 955-56 (Fed. Cir. 2014). The patent should never have

**DEFENDANT'S MOTION TO DISMISS – Page 1**

been issued by the United States Patent & Trademark Office ("the PTO") in the first place. It cannot now form a proper basis for bringing an infringement suit.

Such a question is appropriately treated as a threshold issue that can and should be addressed on a motion to dismiss such as this. *See DealerTrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012); *see also DigiTech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 2013-1600, 2014 U.S. App. LEXIS 13149, at *6 (Fed. Cir. July 11, 2014) (reviewing § 101 question de novo). No discovery is needed to resolve this issue of law, and there are no claim construction issues that would have any bearing on whether the patent claims meet the § 101 requirements. Indeed, regardless of whether the issue is addressed pursuant to a motion to dismiss or on a motion for summary judgment, courts routinely determine the patent-eligibility of patent claims by considering only the claims themselves, without considering discovery or claim construction issues. *See, e.g., Bilski*, 130 S.Ct. at 3231 (invalidating patent under § 101 without the benefit of claim construction); *Bancorp Servs., L.L.C. v. Sun Life Assurance Co. of Canada (U.S.),* 687 F.3d 1266, 1273 (Fed. Cir. 2012) ("we perceive no flaw in the notion that claim construction is not an inviolable prerequisite to a validity determination under § 101"); *DietGoal Innovations LLC v. Bravo Media LLC*, 13 Civ. 8391 (PAE), 2014 U.S. Dist. LEXIS 92484, at *48 (S.D.N.Y. July 8, 2014) (claim construction not required before addressing § 101; would not be a wise use of judicial resources to proceed through claim construction). Practice Fusion therefore respectfully requests that the Court address these issues now, early in the proceedings before the parties are required to proceed with time-consuming and expensive discovery, and dismiss the present action.

**DEFENDANT'S MOTION TO DISMISS – Page 2**

## I. STATEMENT OF THE ISSUES

Whether this action should be dismissed for failure to allege infringement of a valid patent claim, where the asserted patent purports to cover an abstract idea that as a matter of law is ineligible as patentable subject matter under 35 U.S.C. § 101.

## II. STATEMENT OF FACTS

### A. The Parties

#### 1. Presqriber

According to the Complaint, Presqriber is a Texas limited liability corporation with its principal office in Tyler, Texas. Presqriber's Complaint does not allege that Presqriber has ever practiced any invention claimed in the '095 patent or that Presqriber makes or sells any product or service.

#### 2. Practice Fusion

Practice Fusion is a Delaware corporation with its principal place of business in San Francisco, California. Practice Fusion provides comprehensive "Electronic Health Records" ("EHR") services to medical professionals. One such service is "e-Prescribing" (also known as eRx"), which enables physicians to generate prescriptions on a computer and transmit them to the pharmacy in an online environment. The eRx functionality requires a separate identity and license verification process to become enabled, and most of Practice Fusion's users do not use this functionality. Although the Complaint appears to target EHR as an accused product, the eRx functionality appears to be the Practice Fusion service accused of infringement in this action.

### B. The '095 Patent

The '095 patent is entitled "Interactive Medication Ordering System." (Dkt. No. 1, Ex. A, p. 1.) It purports to disclose "[a]system and method for ordering and prescribing drugs for a

patient." (*Id.*, Abstract.) The purported improvement on existing systems for accomplishing this goal is to perform the steps of the prescription process "using interactive software," including such well-known components as a "database," as well as a program for "accessing the database," "displaying to the prescriber" various medication and patient history information, "accept[ing] and process[ing] medication orders and prescriptions for the patient," and "communicat[ing] the medication order to the hospital pharmacy or the prescription to the outpatient/clinic/retail pharmacy." (*Id.* at 2:65-3:20.)

The '095 patent includes a single independent claim – claim 1 – which recites a "system for prescribing medication to a patient." The claim is drafted in means-plus-function form, 35 U.S.C. § 112 paragraph 6 (now codified as 35 U.S.C. § 112(f) for patents issuing from later-filed applications). It recites "means for" performing such functions as "permitting a user to identify" the patient, "automatically accessing" a database containing health and medication information, "accepting and processing information" regarding prescriptions, and "communicating" the resulting prescription to a pharmacy. The claim also recites "interpreter and reformatter means" for processing the information the system receives. To the extent that the patent's specification purports to disclose any mechanisms for performing any of these claimed functions, it does so only with generic references to well-known computer components – *e.g.*, keyboard, mouse, and pen. (Dkt. No. 1, Ex. A, 3:3.) Indeed, as Practice Fusion would assert if this action were to proceed to claim construction, the specification fails to disclose the requisite algorithms for performing certain of the recited functions, and all claims are therefore also invalid for indefiniteness, in addition to being invalid reciting unpatentable subject matter. *See, e.g.*, *Noah Sys., Inc. v. Intuit Inc.*, 675 F.3d 1302, 1312 (Fed. Cir. 2012).

**DEFENDANT'S MOTION TO DISMISS – Page 4**

For the Court's convenience, claim 1 is reproduced here:

> A system for prescribing medication for a patient, said system comprising:
>
> means for permitting a user to identify said patient;
>
> database containing health and medication information regarding said patient;
>
> means for automatically accessing said database and displaying to said user a list of all of the currently prescribed medications for said patient;
>
> means for accepting and processing information regarding said medication prescriptions for said patient from the user including interpreter and reformatter means for processing said information received in a random sequence, wherein said information is received in a random sequence, and wherein said information includes at least one medication identifier and information selected from the group consisting of: recognition of medication ordered, recognition of medication dosage, recognition of medication route, recognition of medication frequency, recognition of medication duration, recognition of medication quantity, formulary drug items, non-formulary drug items, restrictions on prescriptions, dosage availability, maximum dosage recommended for said patient, dosage frequency, and drug use evaluations; and
>
> means for communicating said medication prescription to a pharmacy.

Claims 2 through 28 of the '095 patent are dependent system claims, which depend directly or indirectly from claim 1. Such claims recite additional limitations, either relating to specific applications of the system recited in claim 1, or adding further generic computer functionality. For example, claim 2 recites "means for receiving and storing messages related to said patient." Claim 13 recites, *inter alia*, "means for alerting said user to potentially adverse situations as a result of prescribed medications based on information in said database." The Complaint specifically alleges infringement of claims 13 through 15 (in addition to claim 1). Those dependent claims are reproduced here:

> 13. The system of claim 1 further comprising:
>
> database containing health and medication information regarding medications and said patient; and

**DEFENDANT'S MOTION TO DISMISS – Page 5**

> means for alerting said user to potentially adverse situations as a result of said prescribed medications, based on information in said database.
>
> 14. The system of claim 13 wherein said adverse situation is an allergic reaction to said prescribed medication.
>
> 15. The system of claim 13 wherein said adverse reaction is an interaction between two or more prescribed medications.

## III.  ARGUMENT

The '095 Patent is invalid as a matter of law because it claims nothing more than the generic computerized implementation of the abstract idea of prescribing medication for a patient based on well-known and long-used health and medication information.  In this case, there is no "inventive concept" in the claims that could "transform" this otherwise ineligible abstract idea into an eligible application of the idea.  Such claim limitations must be "sufficient to ensure that the patent in practice amounts to significantly more than a patent upon the [ineligible concept] itself." *Alice*, 134 S. Ct. at 2355 (brackets in original) (quoting *Mayo*, 132 S. Ct. at 1294).  The '095 Patent claims contain no elements of this sort.  The fact that the '095 Patent suggests employing a computer to carry out the claimed abstract idea is of no help.  As the *Alice* Court held, the mere recitation of an abstract idea carried out by a generic computer is not an inventive concept and does not transform patent *in*eligible subject matter into patent eligible subject matter.

The Court may and should address this issue on the present motion.  Subject matter eligibility is a question of law.  *DealerTrack,* 674 F.3d at 1333; *see DigiTech,* 2014 U.S. App. LEXIS 13149, at *6 (reviewing § 101 question *de novo*).  If the claims fail to recite patent-eligible subject matter, the court may dismiss a complaint under Rule 12(b)(6).  *See, e.g.*, *UbiComm, LLC v. Zappos IP, Inc.*, No. 13-1029-RGA, 2013 U.S. Dist. LEXIS 161559, at *4 (D. Del. Nov. 13, 2013).  The Court should dismiss Presqriber's complaint with prejudice because the '095 Patent claims are directed to patent-ineligible subject matter.

**DEFENDANT'S MOTION TO DISMISS – Page 6**

No discovery is necessary to resolve the question of law posed by this motion. The Federal Circuit does not require claim construction to precede a Court's §101 analysis, and numerous courts, including the Supreme Court, have decided subject matter eligibility without claim construction. See, e.g., *In re Bilski*, 545 F.3d 943, 951 (Fed. Cir. 2008); *Bilski*, 130 S. Ct. at 3231; *Bancorp,* 687 F.3d at 1273-74; *Uniloc USA, Inc. v. Rackspace Hosting, Inc.*, No. 6:12-cv-375, 2013 WL 7393173, at *1 (E.D. Tex. Mar. 27, 2013); *Vacation Exch., LLC v. Wyndham Exch. & Rentals, Inc.*, No. 2:12-cv-04229, Dkt. No. 27, slip. op. ("Order on Motion to Dismiss") (C.D. Cal. Sept. 18, 2012); *OIP Techs. v. Amazon.com, Inc.*, No. C–12–1233, 2012 U.S. Dist. LEXIS 129396, at *1 (N.D. Cal. Sept. 11, 2012); see also *Glory Licensing LLC v. Toys "R" Us, Inc.*, No. 09-4252, U.S. Dist. LEXIS 51888, at *1-4 (D.N.J. May 16, 2011).

> A. **The '095 Patent Claims The Unpatentable Abstract Idea of Prescribing Medication Based on Health and Medication Information.**
>
> > 1. **Abstract Ideas Have Long Been, and Continue to Be, Ineligible Subject Matter**

Section 101 of the Patent Act broadly describes four categories of patent-eligible subject matter:

> Whoever invents or discovers any new and useful process, machine, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.

35 U.S.C. § 101. The Supreme Court has "long held that this provision contains an important implicit exception [for] [l]aws of nature, natural phenomena, and abstract ideas." *Alice*, 134 S. Ct. at 2354 (citing *Ass'n for Molecular Pathology v. Myriad Genetics, Inc.*, 133 S. Ct. 2107, 2116 (2013)) (internal quotations omitted). That a patent on an abstract idea is outside the scope of patent eligibility has been in patent law jurisprudence "for more than 150 years." *Alice*, 134 S. Ct. at 2354 (citing *Bilski*, 130 S. Ct. at 3225; *O'Reilly v. Morse*, 56 U.S. 62, 112–120

**DEFENDANT'S MOTION TO DISMISS – Page 7**

(1853); *Le Roy v. Tatham*, 55 U.S. 156, 174-75 (1852)); *see also Rubber-Tip Pencil Co. v. Howard*, 87 U.S. 498, 507 (1874) ("An idea of itself is not patentable . . . .").

The concern animating the abstract idea doctrine is the risk that a patentee might "preempt" all uses of a basic idea claimed by the patent. *Alice*, 134 S. Ct. at 2354 ("We have described the concern that drives this exclusionary principle as one of pre-emption"); *Mayo*, 132 S. Ct. at 1293 (preemption would "tend to impede innovation more than it would tend to promote it"). A patent claiming an abstract idea "would risk disproportionately tying up the use of the underlying idea[]." *Alice*, 134 S. Ct. at 2354-55 (citing *Mayo*, 132 S. Ct. at 1294). Thus, as the Supreme Court recently clarified, a claim is patent ineligible if it covers an abstract idea without also including an "'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Alice*, 134 S. Ct. at 2357 (citing *Mayo*, 132 S. Ct. at 1294).

The Supreme Court recently articulated that such abstract ideas may include a "fundamental economic practice long prevalent in our system of commerce," or a "longstanding commercial practice . . . a method of organizing human activity," even if the claim is not addressed to a "preexisting, fundamental truth" like a mathematical formula or law of nature. *Alice*, 134 S. Ct. at 2356-57 (quoting *Bilski*, 130 S. Ct. at 3231, 3234). If the claim, as a whole, implicates an abstract idea, it cannot survive § 101 scrutiny unless it contains the inventive concept described above. In *Alice*, the Supreme Court found that a patent directed to the abstract idea of "intermediated settlement," or "the use of a third party to mitigate settlement risk" was invalid under § 101. *Alice*, 134 S. Ct. at 2356. The Court found that intermediated settlement was a "fundamental economic practice long prevalent in our system of commerce . . . a building block of the modern economy." *Id.* (quoting *Bilski*, 130 S. Ct. at 3231). Searching for an "inventive concept" to save the patent, the Court determined that the claims' application on a

**DEFENDANT'S MOTION татах DISMISS – Page 8**

"generic computer" (their difference from known prior art methods) did not "transform that abstract idea into a patent-eligible invention." *Alice*, 134 S. Ct. at 2357. The Court stated, in no uncertain terms, that "a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention." *Alice*, 134 S. Ct. at 2358.

### 2. The '095 Patent Is Drawn to an Abstract Idea

The claims of the '095 Patent (focusing in particular on the Complaint's asserted independent claim 1 and dependent claims 13-15 as representative claims) are directed to the abstract idea of prescribing medication for a patient based on health and medication information.

The functions recited in claim 1 are highly generalized—"permitting a user to identify" the patient, "automatically accessing" a database and "displaying" a list of already prescribed medication, "accepting and processing information" regarding the patient and prescriptions, and "communicating" the resulting prescription to a pharmacy. (Dkt. No. 1, Ex. A, 20:42-67.) Such functions describe the concept of prescribing medication for a patient based on health and medication information, as doctors have done for many years.

Thus, the '095 Patent claims simply a "method of organizing human activity," which is nothing more than a patent-ineligible abstract idea. *Alice*, 134 S. Ct. at 2356. Other courts have consistently found that claims to similar systems or methods are drawn to abstract ideas. For example, the *SmartGene* court found that a claim "for guiding the selection of a therapeutic treatment regimen for a patient" is outside the scope of section 101. *SmartGene*, 555 Fed. App'x. at 954. The court explained that the claim "does no more than call on a 'computing device' . . . to do what doctors do routinely," and does not "identify any steps beyond those which doctors routinely and consciously perform." *Id.* at 955. Similarly, the '095 Patent claims

**DEFENDANT'S MOTION TO DISMISS – Page 9**

do not identify any steps beyond prescribing medication, which doctors routinely and consciously perform, and thus fall outside the scope of section 101.

In the recent *DietGoal* case (decided following *Alice*), the economic strategy of calculating the nutritional impact of a meal and displaying the result visually was also a "long prevalent" economic practice. *DietGoal,* 2014 U.S. Dist. LEXIS 92484, at *31 (citing *Bilski*, 130 S. Ct. at 3231). As another example, in *Fort Properties., Inc. v. American Master Lease LLC*, the Federal Circuit found that a real estate investment tool was not patent-eligible under 35 U.S.C. §101 because the claims consisted of "mental processes and abstract intellectual concepts." 671 F.3d 1317, 1322 (Fed. Cir. 2012). That patent claimed an "investment tool" designed to promote tax-free exchanges of property by merely breaking down the method into four "conceptual steps": (1) "aggregating real property into a real estate portfolio"; (2) "dividing the interests in the portfolio into a number of deed shares"; (3) "subjecting those shares to a master agreement"; and (4) "describ[ing] how property can be bought and sold under this arrangement in a manner that permits a tax-deferred exchange." *Id.* All of the steps were previously known humanly-performed steps.

The idea covered by the '095 Patent is at least as abstract as claims held to be outside the scope of patentable subject matter. For example, in *Alice*, the ineligible claim had much more particularized elements, such as "creating a shadow credit record," an "exchange institution," a "start-of-day balance," "transaction[s] resulting in an exchange obligation," and "time invariant obligations placed on the exchange institutions." *Alice*, 134 S. Ct. at 2352. In *Accenture* the ineligible claim included elements like "an insurance transaction database," "information related to the insurance transaction . . . in a structured format," "an assigned claim handler," and a "task engine [which] determines [the] tasks to be completed." *Accenture Global Servs. v. Guideware*

*Software, Inc.*, 728 F.3d 1336, 1338 (Fed. Cir. 2013). The *DealerTrack* claim included elements like a "routing system . . . [containing] a central processor coupled to a communications medium," "display devices, remote credit bureau terminal devices, and remote funding source terminal devices," "credit application data," "credit report data," and "funding decision data," but was nonetheless ineligible. *DealerTrack*, 674 F.3d at 1319.

Each of these is much more focused than the intangible economic idea recited in claim 1 of the '095 Patent. Each of these was nonetheless directed to a patent-ineligible abstract idea. The dependent claims of the '095 patent do not cure the deficiencies of the independent claim, as they only generally target types of generic computer behavior or well-known processes relating to the issuance of prescriptions – *see*, *e.g.*, "comprising means for receiving and storing messages related to said patient" (claim 2), "means for alerting said user to potentially adverse situations as a result of prescribed medications based on information in said database" (claim 13), displaying allergy information (claim 14), and of disclosing reactions between two or more medications (claim 15). No claim withstands scrutiny under Section 101. Every claim is invalid and this case should be dismissed.

        **3.**      **The '095 Claim Elements Have No "Inventive Concept" Sufficient to "Transform" the Abstract Idea into a Patent-Eligible Application**

*Alice* explains that, once the court decides that the claim is directed to an abstract idea, it must "determine whether it contains an 'inventive concept' sufficient to 'transform' the claimed abstract idea into a patent-eligible application." *Alice*, 134 S. Ct. at 2357 (quoting *Mayo*, 132 S. Ct. at 1294). The Court in *Alice* provided some guidance on what categories of elements *do not* "transform" an abstract idea. As an initial matter, the Court explained that "'well-understood, routine, conventional' steps are not "inventive." *Alice*, 134 S. Ct. at 2359 (quoting *Mayo*, 132 S. Ct. at 1294). Additionally, *Alice* held that if the purported inventive

**DEFENDANT'S MOTION TO DISMISS – Page 11**

quality of a patent claim is its implementation on a "generic" computer, the claim will still be drawn to ineligible subject matter under § 101. *Alice*, 134 S. Ct. at 2358 ("the mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention") (citing *Mayo*, 132 S. Ct. at 1294; *Bilski*, 130 S. Ct. at 3230).

Here, the purported invention recited by the claims of the '095 Patent does nothing more than implement the abstract idea described above on a generic computer system. As in *Alice*, such an implementation is not eligible for patent protection. It is irrelevant that certain claims of the asserted patent refer to the use of generic electronic databases or computer screens because simply executing an abstract principle on a computer does not transform a naked idea into a concrete invention. *Mayo*, 132 S. Ct. at 1300-01. In other words, the process of filling out a prescription form electronically is no more patentable than the process of filling out the form by hand. *See id*. Furthermore, merely using a computer to manipulate patient information or prescription drug information fails to meet the Federal Circuit's "machine-or-transformation test" for patent eligibility. The Federal Circuit has clearly stated that the simple "manipulation or reorganization of data" does not satisfy its transformation test for patent eligibility. *CyberSource Corp. v. Retail Decisions, Inc.*, 654 F.3d 1366, 1375 (Fed. Cir. 2011). Using a computer to create records, make adjustments to data, and transmit information is simply not a patentable concept. *Alice*, 134 S. Ct. at 2359-60.

Thus, the computer system used to practice the claims of the '095 Patent imposes no meaningful limitation on the process used to implement the claims. As a result, the '095 Patent does not "supply the necessary inventive concept; the process could be 'carried out in existing computers long in use.'" *Alice*, 134 S. Ct. at 2357 (quoting *Gottschalk v. Benson*, 409 U.S. 63, 64 (1972)). Instead, the claims cover all possible ways in a computer environment for

**DEFENDANT'S MOTION TO DISMISS – Page 12**

prescribing medication for a patient based on well-known information.  *See Accenture*, 728 F.3d at 1343 (patent ineligible even where claims included more specific computing elements and disclosed a particular hardware configuration, because these elements were merely generic).

In sum, the only "inventive concept" disclosed by the '095 Patent which might be argued to "transform" its claim to an abstract idea into an eligible application of that idea is its generic computerized nature—precisely an element that the Supreme Court has found to be "well-understood, routine, conventional," and not "inventive" at all.  *Alice*, 134 S. Ct. at 2359.  This Court should similarly find that the '095 claims do nothing more "than simply instruct the practitioner to implement the abstract idea … on a generic computer."  *Id.* Accordingly, all claims of the '095 patent are directed toward patent-ineligible subject matter and are therefore invalid.

## IV.  CONCLUSION

For the reasons stated herein, Practice Fusion respectfully requests that the Court dismiss this case with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

Dated:   August 4, 2014

Respectfully submitted,

*/s/ Michael J. Sacksteder*
Michael J. Sacksteder
CSB No. 191605 (Admitted E.D. Texas)
msacksteder@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Defendant
Practice Fusion, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was electronically filed with the Clerk of the Courts by using the ECF system and forwarded to all counsel through the Court's ECF system.

Dated:　August 4, 2014　　　　　　　　　　*/s/ Michael J. Sacksteder*
　　　　　　　　　　　　　　　　　　　　　Michael J. Sacksteder